```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ERIC WEINSTEIN,                                              MEMORANDUM & ORDER
                Plaintiff,
                                                             16-CV-3118 (ILG) (RER)
    - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION, and DAVID MARMOR, in
his Official and Individual capacity, and
PATRICK DUNPHY, in his Official and
Individual capacity,

                Defendants.
------------------------------------------------------------x
```
GLASSER, Senior United States District Judge:

Plaintiff Eric Weinstein ("Weinstein" or "Plaintiff") brings this action against the New York City Department of Education ("DOE"), and individual Defendants David Marmor ("Marmor") and Patrick Dunphy ("Dunphy"). Plaintiff alleges he was unlawfully discriminated against on the basis of age and disability, and subjected to a hostile work environment. He alleges violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, et seq., the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1981, the New York State Executive Law ("SHRL") and the New York City Human Rights Law ("CHRL"), and common law claims for negligent hiring and supervision. Before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motion is GRANTED.

## FACTUAL BACKGROUND

The following facts are drawn from the Amended Complaint, ECF 12 ("Am. Compl.") unless otherwise noted, and are assumed to be true for purposes of this motion. Plaintiff

1

Weinstein is a former teacher with the New York City Department of Education. He was fifty-three years old and had over twenty-four years of experience with the DOE at the time this action was commenced. Id. ¶¶ 1, 2, 16. Specifically, he spent nineteen years assigned to Francis Lewis High School in Fresh Meadows, Queens. Id. ¶ 16. During his tenure, Plaintiff received "predominately positive performance evaluations and numerous accolades." ¶ 2. In or around 2004, Plaintiff was diagnosed with a heart condition known as Atrial Fibrillation or "A-Fib." ¶ 15. Due to this condition, he underwent cardiac ablation surgery in November 2010 for which he took time away from work. Id. ¶ 20, 21.

In or around 2013, Defendant Marmor—who is "in his forties"—was hired as Principal of Francis Lewis High School, where Plaintiff was teaching. Id. ¶¶ 18, 23. Defendant Dunphy—who is approximately thirty-two years old—was appointed Assistant Principal of Social Studies that same year. Id. ¶¶ 18, 24. Both Marmor and Dunphy supervised Weinstein, and both were aware of his A-Fib diagnosis. Id. ¶¶ 17-19, 20-22. Also in 2013, the DOE adopted the "Danielson Rubric" for evaluating teacher performance on a scale of Highly Effective, Effective, Developing, or Ineffective. Id. ¶ 24; ECF 15 at p. 3 n. 2. As part of his regular evaluation, Dunphy observed Weinstein teaching a lesson in October 2013. Id. ¶ 26. During this lesson, Weinstein "utilized the same teaching techniques that the New York State 'teacher of the year' had used prior." Id. ¶ 26. Dunphy rated Weinstein "Ineffective" for the lesson, explaining he was "not being cognizant of the 'cultural heritage of [his] students.'" Id. ¶ 27. Plaintiff filed a rebuttal to this "Ineffective" rating with both Dunphy and Principal Marmor. Id. ¶ 28. Plaintiff alleges that Dunphy used the rebuttal as grounds to charge Plaintiff with "unprofessional conduct," and Principal Marmor "signed off" on the charges. Id. ¶¶ 29, 30. After the initial classroom observation, Dunphy and other administrators observed Plaintiff's classroom on several

occasions throughout the school year. Id. ¶ 31. Plaintiff received an "Ineffective" rating in his final review for the 2013-2014 year. Id. ¶ 32.

As a result of the "Ineffective" rating, Plaintiff was placed on a Teacher Improvement Plan ("TIP") for the 2014-2015 academic year. Id. ¶ 33. Dunphy, who developed the TIP, did not receive input from Plaintiff on the plan, allegedly in contravention of a union contract not presently before the Court. Id. ¶ 34. Plaintiff characterized the TIP as "unnecessarily elaborate." Id. In January 2015, Dunphy altered the TIP—again without Plaintiff's input—to require Plaintiff to meet directly with Dunphy once a week. Id. ¶ 35. Plaintiff requested to meet with someone other than Dunphy, as meeting with Dunphy exacerbated his A-Fib, and such meetings resulted in his having to leave the building to seek medical attention on several occasions. Id. ¶ 36. Plaintiff submits that Principal Marmor responded to this request by threatening Plaintiff with insubordination charges and stating "your doctor is not my boss." Id. ¶ 37.

Plaintiff alleges he was subjected to "heightened scrutiny" from his supervisors at Francis Lewis, including Marmor and Dunphy. Id. ¶ 47. During the 2014-2015 academic year, he was initially scheduled to teach in two classrooms located on separate floors and opposite sides of the building: Rooms 143 and 255A. Id. ¶¶ 38-39. Plaintiff submitted a request to have all of his classes scheduled to Room 143 instead. Id. ¶ 42. The following day, Dunphy informed Plaintiff that three of his classes would now be held in a third room, 344B. Plaintiff characterizes this room as "an unfit environment for teaching," "infested with cockroaches" and the "worst" in the school. Id. Plaintiff's performance reviews were largely conducted in this classroom. Id. ¶ 45. In addition, Plaintiff submits that Dunphy did not provide him with the necessary code for distribution of books to students at the outset of the school year. As a result, Plaintiff was inhibited from timely distributing the books. Following this delay, he was issued a "counseling

3

memorandum" for negligence. Id. ¶ 50. Unrelatedly, Plaintiff also alleges he was assaulted by a student in December 2014, and Defendants did not discipline the student, who returned to Plaintiff's class. Id. ¶ 52.

Over the course of these incidents, Plaintiff's A-fib condition continued to worsen. Id. ¶ 54. On or about March 4, 2015, he was "deemed unfit to teach" and "prescribed two months of medical leave." Id. ¶ 55. During that two month leave, he underwent a second cardiac ablation surgery on April 28, 2015, and thereafter requested additional leave time for recovery. Id. Principal Marmor delayed over a week in responding to the request, and required Plaintiff to undergo a medical examination on May 22, 2015. Id. ¶ 56.

Following the 2014-2015 academic year, Defendants initiated termination proceedings against Plaintiff pursuant to N.Y. Educ. Law § 3020a. Hearing officer James Conlon found that the DOE proved by a "preponderance of credible evidence that [Weinstein] has been given the opportunity to improve his teaching performance and that [he] has been unable and/or unwilling to do so." Id. ¶¶ 57, 58; ECF 14 Exh. 2 at p. 66. As Conlon concluded, terminating Plaintiff from his position, "[t]he Department has just cause to discipline Respondent Eric Weinstein." ECF 14 Exh. 2 at p. 66. Plaintiff is currently appealing that decision. Id. Following his termination, Plaintiff filed this action alleging that Defendants "callously and viciously targeted [him] with the clear intent to terminate his employment based upon his age and disability." Id. ¶ 19.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the rule, Plaintiffs must state a claim that is plausible on its face from which the Court can draw the reasonable inference that the claim has merit; "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## DISCUSSION

### I. FEDERAL CLAIMS

#### a. Claims Pursuant to the ADEA and ADA

Plaintiff submits he failed to exhaust administrative remedies with respect to his claims pursuant to the ADEA and ADA, and concedes those claims. ECF 26 at p. 4. As such, those claims are DISMISSED.

#### b. Claim of Selective Enforcement

Plaintiff alleges that Defendants violated his rights afforded by the Fourteenth Amendment's Equal Protection Clause, in that they engaged in selective enforcement of their own laws, rules, and regulations against Plaintiff due to his age and disability. Am. Compl. ¶ 60. In this regard, Plaintiff contends he was "[s]electively treated . . . differently than other similarly situated employees." Id. When alleging selective enforcement, a plaintiff must prove that: (1) compared with other similarly situated individuals, he was selectively treated; and (2) "such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bath faith intent to injure a person." Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir. 2000) (citation omitted).

Plaintiff has failed to state a selective enforcement claim, as the Amended Complaint fails to identify or describe even one similarly situated employee. Plaintiff's fleeting reference to receiving an "Ineffective" review score while "utilizing the same teaching techniques that the

5

New York State 'teacher of the year' had used prior" says nothing of this other teacher's age or disability in relation to Plaintiff. Am. Compl. ¶ 26. See Diesel, 232 F.3d 92, 104 (denying selective enforcement claim where plaintiff "offered no evidence comparing how similarly situated members of the general public are treated."); Guan N. v. N.Y.C. Dep't of Educ., No. 11-CV-4299 (AJN), 2013 WL 67604, at *17 (S.D.N.Y. Jan. 7, 2013) (finding plaintiff failed to plead a selective enforcement claim where the complaint did not identify similarly situated individuals or contain facts indicating they were in fact similarly situated). For the foregoing reasons, Defendants' motion to dismiss the selective enforcement claim is GRANTED.

### c. Age Discrimination Claims[1]

Plaintiff alleges that Defendants have "created a hostile work environment, subjected Plaintiff to an atmosphere of discriminatory acts and treated him disparately because of Plaintiff's age" in violation of the Fourteenth Amendment's Equal Protection Clause, enforced by 28 U.S.C. § 1983. Am. Compl. ¶ 63. Such a claim will survive a motion to dismiss if it is "plausibly supported by facts" that "the plaintiff is a member of a protected class, was qualified, [and] suffered an adverse employment action," along with "at least minimal support for the proposition that the employer was motivated by discriminatory intent." Littlejohn v. City of N.Y., 795 F.3d 297, 311 (2d Cir. 2015). The facts alleged "need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation." Id. "An inference of discrimination can arise from circumstances including, but not limited to, the

---

[1] Several circuits have held that the ADEA serves as the exclusive remedy for age discrimination in employment claims, thus preempting claims brought pursuant to § 1983. The Second Circuit has not directly addressed the issue. See Cincotta v. Hempstead Union Free Sch. Dist., No. 15CV4821, 2016 WL 4536873, at *11 (E.D.N.Y. Aug. 30, 2016) (collecting cases); Ahlmeyer v. Nevada System of Higher Education, 555 F.3d 1051, 1056 (9th Cir. 2009) (collecting cases). As such, the Court considers Plaintiff's age discrimination in employment claim pursuant to the Fourteenth Amendment.

6

employer's criticism of plaintiff's performance in terms degrading to his protected group; "invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." Id. at 312 (citing Leibowitz v. Cornell Univ., 584 F.3d 487, 502 (2d Cir.2009)).

The parties do not dispute Plaintiff's membership in a protected group or his qualification for the position. His termination marked an "adverse change" in his employment. See Hrisinko v. N.Y. City Dep't of Educ., 369 F. App'x 232, 235 (2d Cir. 2010) ("An adverse employment action . . . can include termination of employment . . .") (internal quotation marks omitted) (citation omitted). With respect to an inference of Defendants' discriminatory intent, Plaintiff has not pled any facts implying that Marmor, Dunphy, or the DOE harbored animus towards his age, or that such animus had any influence on the decision to terminate his employment. Plaintiff's sole reference to age is a factual averment that he is fifty-three years old and Defendants Marmor and Dunphy are younger than he is. He does not allege any derogatory statement related to his age from a Defendant or coworker, nor any instance of favorable treatment toward younger staff, or replacement by a younger individual following his termination. His allegations do not plausibly support even the "minimal inference" of discriminatory intent with respect to his age.

Plaintiff further alleges a hostile work environment claim, presumably—although not clearly delineated—pursuant to § 1983 and the Equal Protection Clause of the Fourteenth Amendment.[2] As Plaintiff has not pled facts sufficient to imply that the Defendants harbored discriminatory motivation because of his age, his claim for hostile work environment fails. See

---

[2] Were Plaintiff's intent to plead hostile work environment pursuant to the ADEA or ADA, his claim would be dismissed for failure to exhaust administrative remedies. See supra p. 5. A disability-related hostile work environment claim pursuant to the Equal Protection Clause fails because the ADA provides the appropriate mechanism to bring such a claim. See infra p. 8.

7

Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (to state a claim for hostile work environment pursuant to Title VII, complaint must contain facts that tend to show defendant's conduct created a hostile work environment "because of" the plaintiff's protected characteristic); Hoit v. Capital Dist. Transportation Auth., No. 115CV0134GTSCFH, 2016 WL 3947613, at *11 n. 3 (N.D.N.Y. July 19, 2016) (noting applicability of the Title VII test to § 1983 hostile work environment claim).

For the foregoing reasons, Defendants' motion to dismiss those claims alleging age discrimination in violation of the Fourteenth Amendment is GRANTED.

### d. Disability Discrimination Claims

Plaintiff further alleges that the Defendants have "created a hostile work environment, subjected Plaintiff to an atmosphere of discriminatory acts and treated him disparately because of Plaintiff's disability," namely, his A-Fib diagnosis, in violation of the Equal Protection Clause as enforced by § 1983. Am. Compl. ¶ 65. A § 1983 action is not the appropriate vehicle to "vindicate rights conferred only by a statute that contains its own structure for private enforcement." Fierro v. N.Y. City Dep't of Educ., 994 F. Supp. 2d 581, 590 (S.D.N.Y. 2014) (citation omitted). Freedom from discrimination on the basis of disability is a right secured by statute, namely, the ADA. Id. (citing Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 368, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) ("If special accommodations for the disabled are to be required, they have to come from positive law and not through the Equal Protection Clause.")); see also EC ex rel. RC v. Cnty. of Suffolk, 882 F.Supp.2d 323, 355 (E.D.N.Y.2012) ("ADA has its own right of enforcement and, consequently, an ADA action may not be brought pursuant to 42 U.S.C. § 1983."). Plaintiff's claims of disability discrimination, including hostile

8

work environment, are not actionable under § 1983. Defendants' motion to dismiss those claims is GRANTED.

### e. Claim Alleging Municipal Liability under Monell

Plaintiff argues he has sufficiently stated a Monell claim. ECF 26 at p. 20. Having found no constitutional violation, as discussed above, Plaintiff has not pleaded a claim for municipal liability as required by Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978). His claim is DISMISSED.

### f. Citation to Section 1981

Plaintiffs' Amended Complaint lists 28 U.S.C. § 1981 amidst a string of citations for his claims of age and disability discrimination. Am. Compl. ¶ 63, 65. Section 1981 prohibits race-based discrimination in the making and enforcement of contracts. See Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998) (citation omitted); 28 U.S.C. § 1981(a) ("All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . ."). By its own terms, the statute is inapplicable to this case. Plaintiff submits no fact or argument whatsoever pertaining to race discrimination. The Court views its mention in the pleadings to be in error and not indicative of intent to state a claim.

## II. STATE AND COMMON LAW CLAIMS

Having dismissed Plaintiff's federal claims, the remaining claims are state law claims alleging violations of New York SHRL, CHRL, and common law claims for negligent hiring and supervision. The Court declines to exercise supplemental jurisdiction over those claims at this juncture. See 28 U.S.C. § 1367(c)(3). This case is in the early stages of litigation, and the parties are far from trial or summary judgment.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is GRANTED as to the federal claims, and the Court declines to exercise jurisdiction over those claims brought pursuant to New York State and common law, and dismisses such claims without prejudice.

SO ORDERED.

Dated:   Brooklyn, New York
         May 26, 2017

/s/
I. Leo Glasser